UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JUAN BANKS

CRIMINAL ACTION

NO. 12-59-BAJ-SCR

**RULING AND ORDER**

This matter is before the Court on a Motion (doc. 15) by Defendant, Juan Banks, for reconsideration of the Court's Ruling on a Motion to Suppress entered on August 8, 2012 (doc. 14). The Court ruled that: (1) the prescription narcotics (oxycodone) seized by the arresting officers will be suppressed; (2) the marijuana seized will be admitted; and (3) the firearm seized will be admitted (doc. 15). Defendant seeks a reconsideration of the Court's ruling. The Government opposes the Motion (doc. 17).

**Facts**

All evidence was seized on July 5, 2011 during a search of Defendant's person and vehicle. Defendant filed a Motion to Suppress (doc. 8) and a Supplemental Motion to Suppress (doc. 13) the seized evidence. The Government filed an Opposition to the Motion to Suppress (doc. 12). An evidentiary hearing was held on July 9, 2012. Officers Vincent Liberto ("Officer Liberto") and Nicholas Collins ("Officer Collins") testified on behalf of the Government. The Court found the testimony credible. The Government offered

into evidence the dash camera video from Officer Liberto's police unit (Government Ex. 1).

The Court ruled that Defendant's Motion to Suppress was denied in part and granted in part. Defendant filed a Motion for Reconsideration of the Court's Ruling on the Motion to Suppress (doc. 15) on August 20, 2012. The Government filed its Memorandum in Opposition to Motion for Reconsideration on August 27, 2012.

## Analysis

Defendant argues that the Court should reconsider its ruling on his Motion to Suppress because the officer's search of the vehicle was not justified for the following reasons: (1) it was not reasonable to believe that evidence relevant to the crime justifying the arrest might be found in the vehicle; (2) the Defendant could not have accessed his car at the time of the search; and (3) after the Defendant was arrested, the vehicle and its contents were safely within the exclusive custody and control of the police (doc. 15).

The Government asserts that to evaluate the strength of Defendant's Motion for Reconsideration of the Court's Ruling on the Motion to Suppress, the Court must first look to the standard mandated in assessing such motions. The Government further argues that the Motion for Reconsideration of the Court's Ruling on the Motion to Suppress should be denied because: (1) there has been no intervening change in the law; (2) there is no new evidence which was

previously unavailable that is now available; and (3) there are no manifest errors of law or fact that must be corrected (doc. 17).

I.   **Grounds for Reconsideration**

A district court is vested with broad power to revisit pretrial issues upon which it has already ruled. *United States v. Palmer,* 122 F.3d 215, 221 (5th Cir.1997); *United States v. Acosta,* 669 F.2d 292, 293 (5th Cir. Unit B 1982). The district court's decision whether or not to review a prior ruling on a motion to suppress is reviewed by the circuit for an abuse of discretion. *United States v. Doggins,* No. 09–40925, 2011 WL 438935, *2 (5th Cir. Feb.9, 2011).

Other circuits have applied similar rulings in motions for reconsideration. For example, the Third Circuit has held that to evaluate the strength of a defendant's motion for reconsideration of a court's ruling on his suppression motion, the court must first look to the standard mandated in assessing such motions. A motion for reconsideration can only be made on three grounds: (1) an intervening change in controlling law that has occurred since the Court's earlier ruling; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact or prevent a manifest injustice. *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *498 N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)); *see, e.g., Carmichael v. Everson,* No. 03–4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); *Brackett v. Ashcroft,* No. 03–3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

3

While these factors are not present in this case, the Court will nonetheless address the Defendant's arguments for purposes of providing sufficient clarity of its prior ruling.

II. **Search of Vehicle and Applicable Case Law**

In his Motion for Reconsideration, Defendant asserts that the Court's ruling exceeded the search incident to a lawful arrest exception because the Officer's search of the vehicle was not justified under the facts adduced at the hearing. Defendant cites several cases for support of his proposition. The Court disagrees with this assertion and discusses each applicable case in turn.

In *Gant*, the Court held:

> "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Arizona v. Gant*, 556 U.S. 332, 351, 129 S.Ct. 1710 (2009).

In *Gant*, the defendant was arrested and removed from the vehicle to the officer's patrol car for a suspended driver's license. *Id.* The officers then performed a search of Mr. Gant's vehicle and found a weapon and drugs. *Id.* While the Court held that the case involved an unreasonable search, it also established that certain exceptions to the warrant requirement may authorize a vehicle search

under additional circumstances when safety or evidentiary concerns demand. *Id.* at 333.

Here, a number of exceptions apply. First, each officer's testimony revealed there was probable cause to believe the vehicle contained evidence of criminal activity. Officer Liberto testified that as he approached the vehicle, a strong odor of marijuana emanated from the interior compartment of the Surburban. Furthermore, Officer Collins testified that as he approached the vehicle he saw a cloud of smoke emanating from the car.

Second, there were signs of criminal activity implicating officer safety and evidence preservation.[1] Officer Liberto testified that because the windows were tinted and he could not see inside, he positioned his head into the car to make sure no one else was in the vehicle. At that time, he observed a "marijuana cigarette" and two Styrofoam cups in plain view containing purple liquid that appeared to him to be codeine syrup. Here, distinguishable from *Gant*, there were genuine safety and evidentiary concerns encountered during the arrest that justified a search of the vehicle.

Similarly, Defendant's assertion that the officer's search of the vehicle was not justified is not supported by the New York Court of Appeals holding in *Belton*. In *Belton*, the New York Court of Appeals held that "once defendant had been removed from the automobile and placed under arrest, a search of the interiors of

---

[1] The evidence revealed that the Defendant's vehicle was stopped for illegally dark window tint. Defendant does not contest this violation.

a private receptacle safely within the exclusive custody and control of the police may not be upheld as incident to his arrest." *State v. Belton*, 50 N.Y.2d 447, 452, 429 N.Y.S.2d 574, 407 N.E.2d 420, 423 (1980).[2] Here, the officers' seizure of the marijuana and the firearm did not constitute a search of the interiors of a private receptacle safely within the exclusive custody and control of the police. The marijuana cigarette and codeine liquid were found in plain view. This provided additional justification for searching the entire vehicle because additional contraband may have been located elsewhere in the vehicle.

Finally, Defendant's assertion that the officer's search of the vehicle was not justified is not supported by the Fourth Circuit's holding in *Humphries*. In *Humphries*, the Fourth Circuit held that "because the officer had probable cause to believe that Humphries was in possession of marijuana he had authority to arrest him without a warrant in a public place." *United States v. Humphries*, 372 F.3d 653 (4th Cir. 2004). Furthermore, the court held that as an experienced police officer, the officer properly considered other factors in his probable-cause calculation. *Id.* at 660. Here, the officers also considered other factors in their analysis of whether probable cause existed to search the Defendant's vehicle. One such factor was Officer Liberto's observation of a "marijuana cigarette" and two Styrofoam cups in plain view containing purple liquid that appeared to him to be codeine syrup. These circumstances justified a search of the vehicle.

---

[2] *Belton* is not applicable law in this case and has been overruled; nevertheless, the Court will address the Defendant's argument to ensure clarity of its prior ruling.

## III. Government's Request for Reconsideration

In its Opposition, the Government seeks reconsideration of the portion of the Court's ruling that suppressed the narcotics found on Defendant's person. The Court concludes that no new facts or law justify reconsideration, therefore, the Court will not upset its prior ruling.[3]

## Conclusion

Accordingly, the Court concludes that the officer's search of the vehicle was justified and reaffirms its Ruling on Motion to Suppress dated August 8, 2012(doc. 14).

For the foregoing reasons, the Motion for Reconsideration of Court's Ruling on Motion to Suppress (doc. 15) filed by Defendant is hereby **DENIED** for the reasons set forth in this ruling.

Baton Rouge, Louisiana, September 5, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] *See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *498 N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)); *see e.g. Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).