UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

JUAN BANKS                                          NUMBER 12-59-BAJ-SCR

## NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, February 11, 2015.

                                   _____
                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL ACTION

JUAN BANKS                                                NUMBER 12-59-BAJ-SCR


**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Juan Banks. Record document number 42. The motion is opposed.[1]

---

[1] Record document number 45, Opposition of the United States to Defendant's Motion to Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Almost half of the United States' opposition addressed ineffective assistance of counsel - a claim not specifically, or even fairly, raised by the petitioner - and then proceeded to argue that the claim has no merit. In doing so, the United States relied on the terms of a plea agreement - but there is no plea agreement in the record. Although the minute entry for the re-arraignment states that the "[p]lea agreement is filed into the record," record document number 23, it is not in the record.
    Referencing the same minute entry, the United States essentially argued that the petitioner's guilty plea was knowing and voluntary, and that he understood the terms of the plea agreement. However, there is no transcript of the re-arraignment hearing in the record. Clearly, the undersigned was not present at the re-arraignment hearing and therefore has no personal knowledge of what was said at the hearing. Furthermore, at the re-arraignment hearing the district judge deferred acceptance of the plea agreement. When the United States relies on a plea agreement and statements made at a hearing, it must ensure that the plea agreement and a transcript of the hearing are in the record. Absent the plea agreement and the hearing transcript, the United
(continued...)

For the reasons which follow, the petitioner's motion should be denied.

**I. Procedural History**

On September 12, 2012, the petitioner pled guilty to one count Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). On April 16, 2013, the petitioner was sentenced to imprisonment for a term of 72 months. Petitioner did not appeal his conviction or sentence.

Petitioner signed his § 2255 motion on March 18, 2014, and it was filed on March 24, 2014. Petitioner asserted the following grounds for relief:

(1, 2)   his Sixth Amendment right to have "any enhancements proved beyond a reasonable doubt" was violated per *Alleyne v. United States*;

(3)   the district court abused its discretion by misapplying the Guidelines.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

**II. Applicable Law and Analysis**

**A. Grounds for § 2255 Motion**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United

---

[1](...continued)
States' arguments lack the necessary factual support.

States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### B. Procedural Default

First, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *United States v. Frady*, 456 U.S. 152, 167-168, 102 S.Ct. 1584 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622, 118 S.Ct. 1604 (1998).

A § 2255 motion is not a substitute for a direct appeal. A prisoner may not raise a claim for the first time on a collateral attack unless he shows cause for his procedural default and actual prejudice resulting from the error. *United States v. McGrew*, 397 Fed. Appx. 87, 91 (5th Cir. 2010). The § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F2d 1297, 1301 (5th Cir. 1992).

In Ground One the petitioner asserted that his sentence was enhanced by the district judge based on a preponderance of the evidence. In Ground Two the petitioner asserted that the enhancements relied upon by the district judge must have been

3

proved beyond a reasonable doubt.  In Ground Three the petitioner asserted that the district judge imposed an illegal sentence when he misapplied the Guidelines.  All of these are grounds for relief that are appropriately raised in a direct appeal.  Of course, on a direct appeal the petitioner would have had to contend with the fact that he pled guilty pursuant to a plea agreement, which, according to the United States, would have barred his sentencing error claims.

Nothing in the petition supports finding that the petitioner has overcome the procedural bar by demonstrating the necessary cause and prejudice[2] or a fundamental miscarriage of justice.[3] Consequently, the petitioner's claims are procedurally barred.

### C. *Alleyne v. United States*

Second, the petitioner argued that his claims rely on a new rule of law set forth in *Alleyne v. United States*, ___ U.S. ___,

---

[2] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.

In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it. *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

[3] To establish a fundamental miscarriage of justice, the petitioner must demonstrate his actual innocence. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

133 S.Ct. 151, 186 L.Ed.2d 314 (2013), that he contends is retroactively applicable to cases on collateral review.

In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. However, the Supreme Court has not made *Alleyne* retroactively applicable to cases on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam).

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, February 11, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE